O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 12-0719-DOC (JPRx)    Date: April 8, 2014

Title: NEWPORT CORPORATION v. LIGHTHOUSE PHOTONICS INCORPORATED

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTIONS IN LIMINE [372] [374]**

Before the Court are cross-motions in limine to preclude or limit the testimony of Plaintiff Newport Corporation's ("Newport's") expert, Dr. Philip Bucksbaum ("Dr. Bucksbaum"), and the testimony of Defendant Lighthouse Photonics Incorporated's ("Lighthouse's") expert, Dr. John Nightingale ("Dr. Nightingale"). *See generally* Pl.'s Mot. (Dkt. 372); Def.'s Mot. (Dkt. 374).

## I. BACKGROUND

In this suit, Newport alleges that Lighthouse's "Sprout" family of solid state lasers infringe on three of its patents. *See generally* FAC (Dkt. 20).

In July 2013, Newport and Lighthouse filed a series of applications and motions related to a variety of discovery disputes that arose between them. Parties resolved the disputes by a stipulated order, in which Lighthouse agreed to provide a Sprout laser for any "tests as deemed necessary by Dr. Bucksbaum" for up to two and a half days. Stipulation and Order Resolving Discovery Disputes, November 13, 2013 (Dkt. 360). The inspections occurred on December 18 and 19, 2013. Watson Decl., Exh. B, ¶ 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0719-DOC (JPRx)                                                     Date: April 8, 2014

Page 2

The present motions arise out of the circumstances surrounding those inspections. They center on the fact that Newport's expert, Dr. Bucksbaum, relied on a design document produced by Lighthouse, which Lighthouse now explains is an inaccurate representation of the *actual* specifications of the Sprout lasers. Lighthouse argues that Dr. Bucksbaum's reliance on the design document renders his testimony irrelevant and unreliable. Newport argues that Lighthouse's expert, Dr. Nightingale, should be precluded from criticizing Dr. Bucksbaum's testing on this basis because such testimony contradicts previous representations made by Lighthouse.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 702, expert testimony is admissible only if it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The district court acts as a gatekeeper, excluding expert testimony where it is either irrelevant or unreliable. *Barabin v. AstenJohnson, Inc.*, 700 F.3d 428, 431 (9th Cir. 2012). In making this gatekeeping determination in patent cases, a district court follows the law of its own regional circuit. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003).

District courts consider the following factors when assessing admissibility of expert testimony: "(1) a theory or technique 'can be (and has been) tested;' (2) 'whether the theory or technique has been subjected to peer review and publication;' (3) 'the known or potential rate of error;' and (4) whether it is generally accepted in the scientific community." *Wagner v. Cnty. of Maricopa*, 673 F.3d 977, 989 (9th Cir. 2012) (quoting *Daubert*, 509 U.S. at 593-94).

## III. ANALYSIS

### A. Lighthouse's Motion to Preclude the Testimony of Dr. Bucksbaum

Newport offers the expert testimony of Dr. Philip Bucksbaum, a physics professor at Stanford University, who opines that the "$TEM_{00}$ mode size in the laser crystal is smaller than a pump beam diameter in the laser crystal." *See* Watson Decl., Exh. C. Lighthouse moves to preclude his testimony for two reasons: (1) his opinion is not based on relevant or reliable data because he did not measure the $TEM_{00}$ mode size and (2) his methodologies for measuring the pump beam size are not generally accepted.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0719-DOC (JPRx)　　　　　　　　　　　　　　　　　Date: April 8, 2014

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

### 1.　Reliance on Sprout Laser Design Document

Dr. Bucksbaum compares the widths of two laser beams: (1) the $TEM_{00}$ (or cavity mode) beam and (2) the pump beam. Lighthouse argues that Dr. Bucksbaum's testimony is irrelevant and unreliable because, instead of measuring the $TEM_{00}$ mode size himself, he relied on design documents produced by Lighthouse. The Court rejects Lighthouse's argument because such an error goes, at most, to weight and not admissibility.

In order to determine the $TEM_{00}$ mode size, Dr. Bucksbaum relied on a Lighthouse-produced document entitled "Sprout Laser Principle and Design" (the "Design Document"). According to Dr. Pang, Lighthouse's Rule 30(b)(6) deponent, this was the only design document for the allegedly infringing lasers. *See* Pang 30(b)(6) Dep. at 291:11-19. In response to a question about the existence of any written design specifications for the Sprout lasers, Dr. Pang explained that "[t]he design specification is the [Design Document]" in which he "describe[d]in detail how the laser works, how it was designed." *Id.* Dr. Pang added that the Design Document presents the measurements of the laser cavity *to scale*. *Id.* at 172:4-13.

Lighthouse argues that there are, in fact, numerous differences between the laser cavity modeled in the Design Document and the actual laser cavities in question, including total cavity length, the distances between cavity elements, the absence of a curved mirror, and the absence of the Brewster cut on the laser crystal. Mot at 3-5; Reply at 9-11.

The Court finds that these differences do not render Dr. Bucksbaum's opinions unreliable or irrelevant, i.e. admissibility. Rather, these differences speak to the weight that a factfinder should accord to Dr. Bucksbaum's opinion.

### 2.　Dr. Bucksbaum's Methodologies for Measuring the Pump Beam Size

Lighthouse argues that in addition to failing to personally measure the $TEM_{00}$ mode size, Dr. Bucksbaum used flawed and unreliable methodologies for measuring the pump beam size.

First, Lighthouse argues that Dr. Bucksbaum improperly used what he described as the "scanning edge" test, instead of the standard knife-edge or aperture test, both of which are set forth in the International Standards Organization ("ISO") publications that set the industry standard. Mot. at 12-13. Specifically, Lighthouse argues that Dr. Bucksbaum failed to follow ISO standards regarding the position of the power meter.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0719-DOC (JPRx)                                                Date: April 8, 2014

Page 4

Second, Lighthouse argues that Dr. Bucksbaum improperly used a "frosted glass block" instead of a knife-edge for the final ten runs of the testing. Mot. at 17-22. Dr. Bucksbaum's infringement analysis was based primarily on the runs in which he used a knife-edge, but he used the "frosted glass block" for the final ten runs to corroborate his conclusions.

Finally, Lighthouse argues that Dr. Bucksbaum erroneously used the wrong equation and failed to measure the laser in the actual crystal medium itself. Mot at 22-23.

In sum, Lighthouse points to a number of instances in which Dr. Bucksbaum seems to have deviated from the methodologies set forth by the ISO. However, none of those deviations, even in the aggregate, rise to the level of rendering Dr. Bucksbaum's testimony inadmissible. Failure to perfectly adhere to methodologies promulgated by a standard-setting organization is not, by itself, grounds for precluding expert testimony. Rather, as with Dr. Bucksbaum's failure to measure the $TEM_{00}$ mode size, these methodological concerns speak to weight, not admissibility.

## B. Newport's Motion to Preclude the Testimony of Dr. Nightingale

Pursuant to the stipulated order, Dr. Nightingale filed a supplemental rebuttal report in response to Dr. Bucksbaum's supplemental report. In his supplemental rebuttal report, Dr. Nightingale opines on the alleged flaws in Dr. Bucksbaum's testing, as largely explained in Lighthouse's Motion in Limine discussed above. Newport argues that this testimony should be precluded for three reasons: (1) it contradicts previous representations made by Lighthouse, (2) it exceeds the scope permitted by the November 13, 2013 stipulated order, and (3) it is unreliable under Federal Rules of Evidence 702 and 703.

Each of Newport's arguments are unavailing. The Court does find that Lighthouse repeatedly represented that the Design Document, and other related documents, contained to-scale specifications of the Sprout lasers. It is also clear that there is some inconsistency in Lighthouse's position as to whether the $TEM_{00}$ mode size can be measured at all. However, again, such inconsistency does not warrant the preclusion of Dr. Nightingale's testimony.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0719-DOC (JPRx)                                Date: April 8, 2014

Page 5

## IV. DISPOSITION

Ultimately, the Court finds that the factfinder is entitled to consider all of the testimony regarding the reliability, relevance, and validity of both Dr. Nightingale and Dr. Bucksbaum's testimony. Both sides raise valid concerns regarding the weight that should be accorded to the other side's expert testimony, but neither side presents the Court with a concern that speaks to admissibility. Therefore, the Court DENIES both Newport and Lighthouse's Motions in Limine in their entirety, including Newport's motion for sanctions.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                            Initials of Deputy Clerk: jcb
CIVIL-GEN